UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Respondent, | ) ) | Case No. 13-cv-01317 |
| v. | ) ) | Judge John W. Darrah |
| JUAN P. AGUIRRE, | ) ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Juan P. Aguirre, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons provided below, this Motion is denied.

## BACKGROUND

Petitioner was indicted, with co-defendants, on five separate counts on November 2, 2011, for: (Count 1) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846; (Count 2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A); (Counts 6 and 13) two counts of unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b); and (Count 12) interstate travel in aid of drug trafficking, in violation of 18 U.S.C. § 1952. *United States v. Aguirre*, Case No. 11-cr-784-4, Dkt. No. 1. Pursuant to a plea agreement, Petitioner pled guilty on October 16, 2012, and was sentenced on February 5, 2013, to a term of 72 months' imprisonment on Count 1 and 60 months' on Count 12, to run concurrently. *Id.* at Dkt. No. 104. Petitioner filed a direct appeal on February 19, 2013, which remains pending before the Seventh Circuit. (Gov't's Resp. at 2.)

On February 13, 2013, Petitioner filed a motion for *habeas corpus* relief pursuant to 28 U.S.C. § 2255. Petitioner alleges he had ineffective assistance of counsel because "[he] was led

to believe [his] sentences on both counts were grouped together in guideline calculations." (Mot. at 2.) Petitioner asserts he was unfairly sentenced under two separate sentencing guidelines. (*Id.*) Petitioner further contends that the calculations made with regards to the drug amount attributed to him were incorrect. (*Id.*) According to Petitioner, the Presentence Investigation Report and actual physical evidence demonstrated that he was only responsible for 288.6 grams of powder cocaine. (*Id.*)

The Government filed a response to this motion May 1, 2013, arguing that the motion was unripe due to the pendency of Petitioner's direct appeal. (Gov't's Resp. ¶ 2.) Petitioner was afforded the opportunity to file a reply, but none was filed.

## LEGAL STANDARD

There is no bar to filing a Section 2255 petition while an appeal is pending. *DeRango v. United States*, 864 F.2d 520 (7th Cir. 1988). However, "[t]he well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending." *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); *see also United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979) (citations omitted) ("Ordinarily a section 2255 action is improper during the pendency of an appeal from the conviction."). The purpose of this rule is to avoid unnecessary or potentially duplicative litigation; the outcome of a pending "appeal may render the § 2255 motion moot." *Robinson*, 8 F.3d at 405 (quoting *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968)).

Whether or not extraordinary circumstances exist to permit a Section 2255 petition while an appeal is pending is a matter left to the discretion of the district court. *Robinson*, 8 F.3d at 405 (quoting *Davis*, 604 F.2d at 485). The district court balances "the need for speedy relief

against the need for conservation of judicial resources" to make this determination. *Davis*, 604 F.2d at 485.

## ANALYSIS

The general rule barring a Section 2255 petition while an appeal is pending is directly applicable here. Petitioner's motion fails to establish the requisite extraordinary circumstances to consider this motion during the pendency of his direct appeal; he presents no facts that might demonstrate an extraordinary need for relief. Rather, Petitioner simply provides, in vague terms, that his appointed counsel failed to properly apprise him of how the U.S. Sentencing Guidelines might be applied to his case.

Moreover, Petitioner failed to reply to the Government's argument regarding the issue of whether his Section 2255 motion is premature. Accordingly, Petitioner's motion for relief pursuant to Section 2255 is denied, as it is premature. The denial of Petitioner's motion does not preclude him from renewing his motion for relief upon disposition of his appeal. *Davis*, 604 F.2d at 485; *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999).

## CONCLUSION

In light of the foregoing analysis, Petitioner is not entitled to *habeas corpus* relief, and his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is dismissed without prejudice.

Date:  June 25, 2013

JOHN W. DARRAH
United States District Court Judge